IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALMO PROCESS TECHNOLOGY, INC., | : | Case No. 1:16-cv-00446 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | **Order Setting Aside Entry of Default** |
| DOMINO LAND SERVICES, LLC, | : | **(Doc. 8), Denying Motion for Default** |
| | : | **Judgment (Doc. 9), Denying Motion to** |
| Defendant. | : | **Dismiss (Doc. 18), Denying Motion for** |
| | : | **an Award of Costs for Service of Process** |
| | : | **and Attorney's Fees (Doc. 19), and** |
| | : | **Ordering Defendant to Answer** |
| | : | **Complaint** |

This matter is before the Court on its Entry of Default (Doc. 8) of September 12, 2016;

the Motion for Default Judgment (Doc. 9), as supplemented (Doc. 11), filed by Plaintiff Almo

Process Technology Inc. ("Almo" or "Plaintiff") on September 20, 2016; the Motion to Dismiss

filed by Defendant Domino Land Services, LLC ("Domino" or "Defendant") on March 8, 2017

(Doc. 18), and Plaintiff's Motion for an Award of Costs for Service of Process and Attorney's

Fees (Doc. 19) filed on March 29, 2017. Having reviewed the pleadings, these matters are now

ripe for the Court's ruling.

## I.    BACKGROUND

On March 31, 2016, Plaintiff filed a Complaint against Defendant—a diversity action—

alleging breach of contract. Pertaining to its efforts to serve Defendant, Plaintiff proffers the

Affidavit of its attorney, Kelly M. Schroeder, and documents reflecting certified mail service of

the Complaint and Request for Waiver of Service of Summons upon the authorized agent and

registered agent for Domino, Herbert T. Hughes and Michael G. Macs, respectively. (Schroeder

Aff., Doc. 20, Ex. B.) The mailing directed to Hughes at the address provided for in the contract at issue herein was successfully delivered on April 11, 2016, though the mailing directed to Macs was not delivered. (*Id.* at PageID 193, 196.) Schroeder also emailed Hughes courtesy copies of the Complaint and Request for Waiver on June 29, 2016. (*Id.* at PageID 198.) The email requested a response from Hughes in reference to the duty set forth in Federal Rule of Civil Procedure 4(d)(1) "to avoid unnecessary expenses of servicing the summons." (*Id.*) Hughes did not respond on behalf of the Defendant, so Plaintiff began formal service measures.

Summons issued on June 30, 2016, which was the ninety-first day from the filing of the Complaint. (Doc. 5.) Plaintiff's process server tried to determine the location of an agent for service of process after the address designated in the contract for notice and the address of Defendant's principal place of business did not yield an office for Defendant or anyone affiliated with Defendant. (Schroeder Aff., Doc. 20, Ex. B at PageID 191, ¶¶ 10, 11.) Finally, on August 12, 2016, 134 days after the Complaint was filed, Herbert T. Hughes, Defendant's agent per the parties' contract, was personally served. (Doc. 6.)

Defendant did not file a responsive pleading within twenty-one days after being served. Accordingly, the Clerk of Courts issued an Entry of Default against Defendant on September 12, 2016. (Docs. 7, 8.) On September 20, 2016, Plaintiff filed a Motion for Default Judgment and, on December 2, 2016, filed a Supplemental Memorandum in Support pursuant to this Court's Order. (Docs. 9–11.) On January 25, 2017, the Court ordered the Clerk to serve these three documents on the address listed on the summons and the address at which Defendant was personally served.[1] (Doc. 13.)

---

[1] Defendant mistakenly asserts in its Motion to Dismiss that Plaintiff was directed to serve these documents, when the Clerk was directed to serve these documents.

Defendant filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) on March 8, 2017. (Doc. 18.) Defendant argues that, because initial service of the Complaint was made outside the ninety-day window under Rule 4(m) and Plaintiff did not expressly request leave of Court for an extension, service was never actually perfected[2] and is insufficient as relevant to its Rule 12(b)(5) Motion to Dismiss.

Finally, Plaintiff filed a Motion for an Award of Costs and Attorney Fees pursuant to Rule 4(d)(2) on March 29, 2017 based on Defendant's alleged refusal to waive service.

## II.    APPLICABLE LAW

Under Rule 12(b)(5), a party may move to dismiss for "insufficient service of process," and such defense "**must** be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). The deadline for responsive pleading is twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). Such defense is waived if not made pursuant to the Rule. Fed. R. Civ. P. 12(h)(1)(B).

Legally sufficient service of process is described in Rule 4. Service must be perfected within ninety days of the filing of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] On February 9, 2017, the Clerk make the following docket notation:

> Notice of Correction re doc. 14 : Please note that clerk originally filed doc. 14 as a Summons Returned Executed but it is really an Acknowledgement of Service of an Order (doc. 13 ). To correct the error, clerk modified docket text, regenerated the NEF, and terminated the answer deadline in the system.

In its Opposition to Plaintiff's Motion for Default Judgment, Defendant presumes that this entry was made "because [the Clerk] did not serve a Summons, and did not receive an executed Summons in return, and only sent an Acknowledgement of Service." (Doc. 23 at PageID 212.)   In fact, it is CM/ECF Doc. 6 that reflects receipt of the executed Summons, not CM/ECF Doc. 14.

Fed. R. Civ. P. 4(m). The burden of establishing "good cause" lies with the party opposing the motion to dismiss. *Beyoglides v. Montgomery Cty. Sheriff*, 166 F. Supp. 3d 915, 917 (S.D. Ohio 2016) ("Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.") (internal citations omitted).

The term "good cause" is not defined in Rule 4(m). On one hand, "the Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (internal citations omitted). On the other hand, "vague claims of hardship or unexpected difficulties in perfecting service" will not necessarily result in sufficient demonstration of "good cause." *Id.*

The above notwithstanding, Rule 4(m) affords a district Court "discretion to grant an extension of time to serve the summons and complaint even in the absence of a showing of good cause." *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000). In exercising such discretion, courts in this district have applied the following analysis to determine whether an extension is appropriate:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Freeman v. Collins*, No. 2:08-cv-00071, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011) (quoting *Stafford v. Franklin Cnty., Ohio*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (internal quotation and citation omitted)).

## III.   ANALYSIS

Defendant argues that it was under no obligation to answer the Complaint, and therefore default judgment is inappropriate due to lack of jurisdiction. Defendant further argues that the imposition of costs under Rule 4(d)(2) cannot be triggered without perfected and timely service.

Plaintiff argues that service was in fact perfected, albeit late. It argues that Defendant waived its sufficiency of service of process defense by failing to timely assert it and that Defendant's Opposition to its Motion for Default Judgment is untimely under Southern District of Ohio Local Rule 7.2. Finally, it argues that there is no basis in the Federal Rules of Civil Procedure or case law to suggest that a delay in service should bar a Rule 4(d)(2) motion for costs.

The Court has carefully reviewed the docket in this case. There is no dispute that Plaintiff failed to serve Defendant within the ninety days allotted by Rule 4(m). The record before the Court also suggests that Plaintiff requested a waiver of service, which was delivered in the manner set forth in Rule 4(d)(1),[3] but that Defendant did not respond to this or to the second request via email at the end of the ninety-day period for service under Rule 4(m). Plaintiff did

---

[3] Defendant does not assert that Plaintiff missed any of the following Fed. R. Civ. P. 4(d)(1) requirements with respect to the waiver, other than to say that there was no signature upon the delivery of the certified mailing. First-class mail is deemed sufficient under this rule:

The notice and request must:

   (A) be in writing and be addressed:
     (i) to the individual defendant; or
     (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent,
     or any other agent authorized by appointment or by law to receive service of process;
   (B) name the court where the complaint was filed;
   (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule
   4, and a prepaid means for returning the form;
   (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving
   and not waiving service;
   (E) state the date when the request is sent;
   (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least
   60 days if sent to the defendant outside any judicial district of the United States—to return the
   waiver; and
   (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1).

not request issuance of summons as to Defendant until the ninetieth day from the filing of the Complaint. (Doc. 4.) Upon issuance, however, Plaintiff successfully executed service upon Defendant in less than two months.[4] (Doc. 6.) Defendant then failed to file a responsive pleading within twenty-one days.

## A. MOTION TO DISMISS

Defendant moves to dismiss the Complaint for insufficient service of process under Rule 12(b)(5). The Court begins with Defendant's timeliness argument. Defendant does not contest that service of the Summons and Complaint was successfully "delivered" on August 12, 2016.[5] Nevertheless, Defendant did not file this Motion until March 8, 2017, more than six months later and well beyond the twenty-one day period for filing a responsive pleading set forth in Rule 12. Defendant argues in the Motion that the fact that service was late rendered the service void—that it "had no obligation to respond to a complaint served after the 90-day deadline expired." (Doc. 21 at PageID 204.) Defendant offers no legal support for this contention. Moreover, because the Motion to Dismiss was filed significantly outside the time frame contemplated by Rule 12, the Court declines to dismiss the case under Rule 12(b)(5).

Even if the Motion to Dismiss was not untimely, the Court finds that it is appropriate to expand the time for service of the Complaint pursuant to Rule 4(m). *See Vergis*, 199 F.R.D. at 218 (adopting a discretionary standard for extension of time); *Freeman*, 2011 WL 4914837, at *4 (setting forth the factors for consideration in exercising this discretion). As to the first *Freeman* factor, whether a significant extension of time was required, the Court finds that this factor weighs in Plaintiff's favor. Service was executed on August 12, 2016, forty-four days beyond

---

[4] *See* n. 2, *supra*.
[5] Defendant does not concede that "service," and all the legal implications thereof, was made, but agrees that Defendant actually received the Summons and Complaint on this date. Defendant also asserts reservation of other Rule 12 and/or jurisdictional defenses pending further investigation.

the ninety-day deadline. This is contrasted with cases, ultimately dismissed under this Rule, in which completion of service was significantly delayed. *See, e.g., Freeman*, 2011 WL 4914837, at \*4 (over three years from filing the complaint); *McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, 2009 WL 467066, at \*6 (S.D. Ohio Feb. 24, 2009) (approximately two years from filing of complaint); *Warrior Imports, Inc.*, 317 F.R.D. at 70 (approximately fifteen months from filing of complaint); *Winston v. Bechtel Jacobs Co., LLC*, No. 3:13-CV-192-TAV-CCS, 2015 WL 1192704, at \*5 (E.D. Tenn. Mar. 16, 2015) (approximately fourteen months from filing of complaint).

As to the second and third *Freeman* factors, whether an extension of time would prejudice Defendant and whether Defendant had actual notice of the lawsuit, the Complaint was delivered via certified mail to the address listed in the parties' contract and was emailed to Hughes within the ninety days from the filing of the Complaint. The Court does not find any prejudice to Defendant here "other than the inherent 'prejudice' in having to defend the suit . . . ,]" and therefore finds that both of these factors favor Plaintiff. *Freeman*, 2011 WL 4914837, at \*4.

The Court finds that the fourth and fifth *Freeman* factors, whether dismissal would prejudice Plaintiff and whether Plaintiff made any good faith effort to effect service, do not weigh strongly in favor of Plaintiff's position. Plaintiff does not address the fourth factor in its Memorandum, though it would be required to incur additional expense in recommencing this suit. As to the fifth factor, while Plaintiff does describe its reasonable and diligent efforts to secure service, it does not explain why these actions were not commenced sooner or, in any event, within the ninety-day limit.

Weighing all of the factors together, however, the Court finds that is appropriate to extend the time for service. Like the court in *Schmidt v. Jefferson County Board Of Education*, No. 3:13-CV-00694, 2014 WL 1877669, at *2 (W.D. Ky. May 9, 2014), the Court finds that a dismissal in this case "would serve little practical purpose and, instead, would serve only to further delay the eventual resolution of this matter." Having found that an extension should be granted even in the absence of cause, the Court declines to decide whether Plaintiff has demonstrated "good cause" for failure to timely serve the Summons and Complaint.

In conclusion, the Court will deny the Motion to Dismiss based on insufficient service of process, because (1) the Motion was untimely filed and (2) the Court finds that an extension of the time for service of process under Rule 4(m) is appropriate.

## B. MOTION FOR DEFAULT JUDGMENT

Also pending before the Court is Plaintiff's Motion for Default Judgment based on Defendant's failure to respond to the Complaint within twenty-one days of service. In view of the foregoing, and given the appearance and participation by Defendant, the Court declines to dispose of this case under default procedures. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). Federal Rule of Civil Procedure 55(c) sets out how entries of default may be set aside. "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (internal quotation and citation omitted). It making this determination, a court is to consider (1) whether the plaintiff will be prejudiced from reopening the case; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *Trident Trust Co.*

8

*(UK) v. Anglo-Am. Credit Union, Inc,* No. 1:07CV893, 2008 WL 509314, at \*4 (S.D. Ohio Feb. 22, 2008) (internal citation omitted).

The Court does not have before it any argument as to the second factor. As to the first factor, aside from "mere delay," the Court does not believe that any prejudice to Plaintiff will result from setting aside the Entry of Default. *United Coin*, 705 F.2d at 845 ("Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment."). As to the third factor, the Court cannot at this time conclude that the Defendant's conduct is culpable. "A defendant's carelessness is insufficient to constitute culpable conduct. Rather, '[t]o be treated as culpable, the conduct of the defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Trident Trust Co.*, 2008 WL 509314, at \*4 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 769 F.2d 190, 194 (6th Cir. 1986)). Defendant here has not displayed either to this point.

On its own motion, for "good cause" under Rule 55(c), the Court will set aside its Entry of Default and therefore denies the pending Motion for Default Judgment as moot. *See J & J Sports Prods., Inc. v. Cloud Nine Hookah Lounge, Inc.*, No. 14-12238, 2014 WL 5800100, at \*4 (E.D. Mich. Nov. 7, 2014) (denying motion for default judgment as moot upon vacating entry of default).

## C. MOTION FOR AN AWARD OF COSTS FOR SERVICE OF PROCESS AND ATTORNEY'S FEES

Finally, Plaintiff moves for an award of its costs for service and attorney fees pursuant to Rule 4(d)(2). The full text of Rule 4(d)(2) reads as follows:

> (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

9

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion

required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

The Court has expressed concern with its ability to communicate with Defendant in this proceeding, as noted in its Order and docket entry of January 25, 2017. (Doc. 13.) In view of this prior acknowledgement, the Court cannot conclude that Defendant's failure to return the waiver was "without good cause" for purposes of Rule 4(d)(2). The Court therefore will deny Plaintiff's Motion.

## IV.    CONCLUSION

On the basis of the foregoing, the Entry of Default (Doc. 8) is hereby **SET ASIDE**, Plaintiff's Motion for Default Judgment (Doc. 9) is hereby **DENIED AS MOOT**, Defendant's Motion to Dismiss (Doc. 18) is hereby **DENIED**, and Plaintiff's Motion for an Award of Costs for Service of Process and Attorney's Fees (Doc. 19) is hereby **DENIED**.

The parties are encouraged to carefully review this Court's Standing Orders, updated October 2016, and abide by all deadlines established in the Federal Rules of Civil Procedure, Local Rules for the Southern District of Ohio, and future Orders of this Court. The Court will set a preliminary pretrial conference in accordance with its Standing Order on Civil Procedures as this case will be allowed to proceed on the merits. Defendant is hereby **ORDERED** to file its Answer within thirty days of the entry of this Order.

**IT IS SO ORDERED**.

Dated: *May 26, 2017*

Judge Susan J. Dlott
United States District Court